■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS FERNANDO VALENCIA, Appellant. [914 NYS2d 639]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 7, 2009, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the prosecutor's summation, defense counsel objected

to certain remarks which criticized arguments made in the defense summation. Contrary to the defendant's contention, although those criticisms would have been better left unsaid, they did not deprive the defendant of a fair trial (*see People v Galloway*, 54 NY2d 396 [1981]). Moreover, it was not improper for the prosecutor to argue that the jury must "look at the testimony, how each witness testified, what they said, did it make sense, was it logical, and was it corroborated . . . were they clear, did they remember, and yes, do they have some kind of a motive to come in here and tell you all something other than the truth," as that statement constituted a fair synopsis of the manner in which a jury is required to evaluate the credibility of trial testimony (*see* 1 CJI[NY] 7.02). With respect to the prosecutor's reference to the state of mind of the defendant's nephew, the defendant failed to preserve for appellate review his challenge to that statement, since he did not request curative instructions or move for a mistrial after the trial court sustained his objection to the statement (*see People v Heide*, 84 NY2d 943 [1994]). The remainder of the defendant's challenges to the prosecutor's summation comments are unpreserved for appellate review (*see* CPL 470.15 [2]).

The trial court did not improvidently exercise its discretion in issuing an *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) to the jury (*see Matter of Plummer v Rothwax*, 63 NY2d 243, 251 [1984]; *People v Wincelowicz*, 258 AD2d 602, 603 [1999]). The defendant's argument that the language of the *Allen* charge was coercive is unpreserved for appellate review (*see* CPL 470.15 [2]).

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.