THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CANALES, Appellant. [931 NYS2d 407]—

The defendant's challenges to the alleged instances of prosecutorial misconduct in summation are unpreserved for appellate review (*see People v Medina*, 53 NY2d 951, 953 [1981]; *People v Beam*, 78 AD3d 1067, 1068 [2010]; *People v McHarris*, 297 AD2d 824, 825 [2002]). In any event, the prosecutor's comments constituted fair comment on the evidence, were responsive to the defendant's summation arguments and theories (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Spencer*, 87 AD3d 751, 753-754 [2011]; *People v Sydnor*, 281 AD2d 499, 499 [2001]), or were within the bounds of fair rhetorical comment (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Flores*, 191 AD2d 306 [1993]).

The defendant's contention that the trial court's *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) was coercive is also unpreserved for appellate review, since defense counsel did not object to the instructions given by the court (*see* CPL 470.05 [2]; *People v Valencia*, 80 AD3d 632, 633 [2011]; *People v Coad*, 60 AD3d 963, 964 [2009]). In any event, although the court "did not expressly instruct that each juror was entitled to maintain 'conscientiously held opinions', the charge as a whole was bal-

anced, proper, and encouraging rather than coercive" (*People v Kinard*, 215 AD2d 591, 591 [1995]). "At no point did the court urge that a dissenting juror abandon his or her own conviction and join in the opinion of others, attempt to shame the jurors into reaching a verdict, or endeavor to compel the jurors to agree upon a particular result" (*id.*; *see People v Coad*, 60 AD3d at 965).

The defendant was not deprived of the effective assistance of counsel. Considering the totality of the evidence, the law, and the circumstances of the case, trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.