THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR GONZALEZ, Also Known as "INDIO", Appellant. [932 NYS2d 633]—

Memorandum: Defendant appeals from a judgment convicting him following a bench trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). County Court properly refused to suppress the testimony of a witness who identified defendant on the ground that the photo array presented to her was unduly suggestive. "Because 'the subjects depicted in the photo array [were] sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection,' the photo array was not unduly suggestive" (*People v Weston*, 83 AD3d 1511 [2011], *lv denied* 17 NY3d 823 [2011]). The court also properly determined that a witness who testified concerning inculpatory statements made to him by defendant while they were both incarcerated was not acting as an agent of the police when defendant made the statements (*see People v McCray*, 66 AD3d 1338, 1339 [2009], *lv denied* 13 NY3d 908 [2009], *reconsideraton denied* 14 NY3d 803 [2009]; *see generally People v Cardona*, 41 NY2d 333, 335 [1977]). The evidence, viewed in the light most favorable to the People (*see People v Contes,* 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crimes in this bench trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject defendant's further contention that the People failed to disclose *Brady* material in a timely manner. Even assuming, arguendo, that the witness statement at issue was exculpatory, we conclude that the alleged *Brady* violation does not require reversal because defendant received the statement " 'as part of the *Rosario* material provided to him and was given a meaningful opportunity to use the exculpatory evidence' " (*People v Green*, 74 AD3d 1899, 1901 [2010], *lv denied* 15 NY3d 852 [2010]). Defendant waived his contention that he was denied his right to present a defense based upon alleged attempts by the police to intimidate a defense witness, inasmuch as the court granted the only relief sought by defendant in connection therewith and defendant did not further object (*see*

*Delong v County of Chautauqua* [appeal No. 2], 71 AD3d 1580, 1580-1581 [2010]; *see generally People v Kulakov*, 72 AD3d 1271, 1273-1274 [2010], *lv denied* 15 NY3d 775 [2010], *lv dismissed* 16 NY3d 896 [2011]; *People v Miller*, 37 AD3d 1071 [2007]). The sentence is not unduly harsh or severe. Finally, we have examined defendant's contentions in his pro se supplemental brief and conclude that none requires reversal or modification of the judgment. Present—Peradotto, J.P., Carni, Lindley, Sconiers and Green, JJ.