People v Degree (2020 NY Slip Op 04406)





People v Degree


2020 NY Slip Op 04406


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-12918
 (Ind. No. 15-01153)

[*1]The People of the State of New York, respondent,
v
Dontae Degree, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio and Virginia A. Marciano of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Gunther Zambelli, J.), rendered October 25, 2017, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, and related charges, arising from the shooting of two individuals who were sitting in a parked car on a street in Yonkers. Prior to sentencing, the defendant moved to set aside the verdict pursuant to CPL 330.30(2) on the ground of alleged juror misconduct, and the County Court denied the defendant's motion.
The defendant's contention that the evidence was legally insufficient to prove his identity as the shooter is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court deprived him of his constitutional rights to present a defense and to a fair trial by precluding him from offering evidence of third-party culpability is unpreserved for appellate review (see CPL 470.05[2]; People v Angelo, 88 NY2d 217, 222). In any event, we agree with the court's determination to exclude evidence of alleged third-party culpability because the evidence was speculative and did not sufficiently connect the third party to the crimes (see People v Gamble, 18 NY3d 386, 399; People v Primo, 96 NY2d 351, 357; People v Humphrey, 176 AD3d 1101).
The defendant's contention that the County Court deprived him of his rights to present a defense and to a fair trial by limiting his cross-examination of witnesses is unpreserved for [*2]appellate review (see CPL 470.05[2]; People v Angelo, 88 NY2d at 222). In any event, the contention is without merit. "The trial court has broad discretion to limit cross-examination when questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury" (People v Stevens, 45 AD3d 610, 611). Here, the court providently exercised its discretion in sustaining objections to certain questions on cross-examination that sought to elicit irrelevant, speculative, or misleading evidence (see People v Gamble, 72 AD3d 544, 545, affd 18 NY3d 386; People v Fernandez, 13 AD3d 271, 274-275, affd 5 NY3d 813).
The defendant's contention that the County Court's first Allen charge (see Allen v United States, 164 US 492) was coercive and deprived him of a fair trial is unpreserved for appellate review, since defense counsel did not object to the instructions given by the court (see CPL 470.05[2]; People v Canales, 88 AD3d 1007, 1007). In any event, the charge "simply asked the jury to exert its best efforts and renew deliberations" (People v Pagan, 45 NY2d 725, 727). "At no point did the court urge that a dissenting juror abandon his or her own conviction and join in the opinion of others, attempt to shame the jurors into reaching a verdict, or endeavor to compel the jurors to agree upon a particular result" (People v Kinard, 215 AD2d 591, 591; see People v Muirhead, 110 AD3d 833, 834). Contrary to the defendant's contention, the court's statement after the charge that deliberations would continue each day until the jury reached a verdict was not a threat to continue deliberations indefinitely, but addressed scheduling of the trial as the day's session ended. The jury then deliberated over two further days before reaching a verdict, demonstrating that the jury was not coerced by the court's first Allen charge (cf. People v Aponte, 2 NY3d 304, 309).
Contrary to the defendant's contention, he received "meaningful representation" of trial counsel (People v Benevento, 91 NY2d 708, 712 [internal quotation marks omitted]; see People v Hannah, 59 AD3d 307, 307; see also Strickland v Washington, 466 US 668, 688).
The defendant's contention that the County Court's failure to strike the testimony of the decedent's girlfriend deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Angelo, 88 NY2d at 222). In any event, the contention is without merit. The witness testified that the decedent told her about his connection to the killing of the defendant's cousin. Such evidence of the defendant's possible animosity towards the decedent was probative of a revenge-related motive (see People v Sharp, 158 AD3d 424; People v Williams, 64 AD3d 734, affd 16 NY3d 480; People v Camarena, 289 AD2d 7). The probative value of the testimony outweighed the risk of prejudice resulting from its admission (see People v Sarkodie, 172 AD3d 909, 911).
The defendant's contention that the County Court erred in denying, without a hearing, his motion to set aside the verdict due to improper juror conduct (see CPL 330.30[2]) is without merit. The moving papers did not contain sworn allegations of the essential facts supporting the motion (see CPL 330.40). Instead, the motion was supported by the hearsay allegations of defense counsel, which were insufficient to meet the threshold requirement of CPL 330.40(2)(a). Accordingly, no hearing was required, and the motion was properly denied (see People v Gouveia, 88 AD3d 814, 816).
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court