People v Colon (2020 NY Slip Op 06557)





People v Colon


2020 NY Slip Op 06557


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-10804
 (Ind. No. 1031/17)

[*1]The People of the State of New York, respondent,
v
Jose Rivera Colon, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered July 25, 2018, convicting him of burglary in the first degree (three counts) and endangering the welfare of a child (three counts), upon a jury verdict, and sentencing him to determinate terms of imprisonment of 23 years, to be followed by 5 years of postrelease supervision, upon his convictions of burglary in the first degree, and definite terms of imprisonment of one year upon his convictions of endangering the welfare of a child, with all sentences to run concurrently with each other.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed upon the convictions of burglary in the first degree from determinate terms of imprisonment of 23 years, to be followed by 5 years of postrelease supervision, to determinate terms of imprisonment of 20 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant was convicted of three counts each of burglary in the first degree and endangering the welfare of a child in connection with a home invasion that occurred in Brentwood on May 14, 2017. The burglary was perpetrated by the defendant and two other individuals, Luis Rivera Colon (hereinafter Luis), who is the defendant's brother, and Rafaelito Rodriguez. At trial, one of the occupants of the home, Rolando Estevez, testified that at the time the perpetrators entered the home, Luis was holding a knife and Rodriguez was armed with a gun, but he did not see any weapon in the defendant's possession. Once inside the home, the defendant used duct tape to tie up Estevez and another adult resident of the home, but did not tie up any of the children inside the home. One of the children, a 16-year-old girl, acknowledged that after the burglary, she told a detective that "the one with the handgun," Rodriguez, "was telling the others what to do." The 16-year-old also indicated that during the course of the burglary, she asked Luis if she could go downstairs to get some water, and Luis agreed. Also during the burglary, the defendant removed items from a safe inside the home, including some money and a "collector's knife." There was no testimony elicited that the defendant ever used the knife obtained from the safe to threaten anyone. When police arrived, the three perpetrators were apprehended inside the home.
The defense presented testimony from Luis, who testified that he and the defendant [*2]participated in the burglary due to threats made by Rodriguez, among other things, that he would kill their families if they did not comply, and that Rodriguez instructed them what to do during the commission of the crime.
Following the trial, the defendant was convicted of burglary in the first degree (three counts) and endangering the welfare of a child (three counts). The defendant was sentenced to determinate terms of imprisonment of 23 years, to be followed by 5 years of postrelease supervision, upon his convictions of burglary in the first degree, and definite terms of imprisonment of one year upon his convictions of endangering the welfare of a child, with all sentences to run concurrently with each other.
Contrary to the defendant's contention, the trial court providently exercised its discretion in sustaining objections to certain questions posed to Luis on redirect examination, which sought to elicit repetitive and speculative testimony (see People v Degree, 186 AD3d 501, 503).
The defendant's contention that he was deprived of his constitutional right to confront witnesses by the prosecutor referencing a missing witness report on cross-examination of Luis is unpreserved for appellate review (see CPL 470.05[2]; People v Bramble, 81 AD3d 968, 969). In any event, any error in connection with references to the missing witness report was harmless (see People v Crimmins, 36 NY2d 230, 241-242; People v Wilkinson, 185 AD3d 734, 737).
Furthermore, the defendant waived his contention regarding the translation of the Spanish testimony of one of the People's witnesses, since the trial court granted the only relief sought by the defendant's counsel in connection therewith (see People v Gonzalez, 89 AD3d 1443).
We agree with the defendant's contention that the prosecutor was obligated to correct Estevez's initial false or mistaken testimony that he observed two individuals with "knives" outside his home before the perpetrators entered the home. However, since Estevez acknowledged on cross-examination that he only saw one individual with a knife outside the home, and "there is no 'reasonable possibility' that the error contributed to the conviction," the prosecutor's failure to correct Estevez's testimony does not warrant reversal and a new trial (People v Colon, 13 NY3d 343, 349, quoting People v Pressley, 91 NY2d 825, 827; see People v Nunez-Garcia, 178 AD3d 1087, 1089).
We find that the sentences imposed upon the convictions of burglary in the first degree, which are at the upper end of the legal sentencing range, are harsh and excessive given the defendant's family ties including to his three children, his limited criminal history in Puerto Rico, that he did not use a weapon to threaten anyone during the commission of the crime, during which no occupants of the house suffered any physical injury and a child was permitted to go downstairs to get water, and that the defendant expressed remorse for his role in the crime. Accordingly, exercising our interest of justice jurisdiction, we modify the sentence to the extent indicated herein (see People v Delgado, 80 NY2d 780, 783; People v Thompson, 179 AD3d 720, 722; People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court