People v Tindal (2021 NY Slip Op 01999)





People v Tindal


2021 NY Slip Op 01999


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-10769
 (Ind. No. 1219/16)

[*1]The People of the State of New York, respondent,
v
Harold Tindal, appellant.


Paul Skip Laisure, New York, NY (Chelsea Lopez of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Mirza Hadzic of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered August 15, 2018, convicting him of criminal trespass in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with robbery in the first and second degrees, criminal possession of a weapon in the fourth degree, criminal trespass in the third degree, and resisting arrest, arising out of an incident wherein the defendant and a codefendant, who was tried jointly with the defendant, were accused of breaking into a fenced-off and locked construction area in Queens. During lengthy jury deliberations, the Supreme Court issued an Allen charge to the jury (see Allen v United States, 164 US 492), to which the defendant did not object. Thereafter, the jury acquitted the defendant of the robbery and weapon possession charges and convicted him of criminal trespass in the third degree and resisting arrest. The defendant appeals.
Although the defendant preserved for appellate review his contention that his conviction for criminal trespass in the third degree was not supported by legally sufficient evidence (see CPL 470.05[2]), it is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt on the charges of criminal trespass in the third degree and resisting arrest was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The defendant's acquittal as to the robbery and weapon possession charges does not change our conclusion (see People v Edwards, 164 AD3d 830, 831).
The defendant's claim of ineffective assistance of counsel is without merit (see People v Edwards, 164 AD3d at 831).
The defendant failed to preserve for appellate review his contention that his conviction for resisting arrest was not supported by legally sufficient evidence (see CPL 470.05[2]) [*2]as well as his contention that the Supreme Court's Allen charge (see Allen v United States, 164 US 492) was coercive, and we decline to reach those issues in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; People v Degree, 186 AD3d 501, 503; People v Canales, 88 AD3d 1007, 1007). Since the defendant failed to assert any Batson challenges or join in or adopt the Batson challenges of his jointly tried codefendant (see Batson v Kentucky, 476 US 79), his contentions on this issue are also unpreserved for appellate review and we decline to reach them in the exercise of our interest of justice jurisdiction (see People v Reyes, 149 AD3d 478, 479).
MASTRO, A.P.J, MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court