People v Colon (2021 NY Slip Op 03466)





People v Colon


2021 NY Slip Op 03466


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-10805
 (Ind. No. 1031/17)

[*1]The People of the State of New York, respondent,
v
Louis Rivera Colon, appellant.


Thomas J. Butler, Melville, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered July 25, 2018, convicting him of burglary in the first degree (three counts) and endangering the welfare of a child (three counts), upon a jury verdict, and sentencing him to determinate terms of imprisonment of 25 years, to be followed by a period of postrelease supervision of 5 years, on the convictions of burglary in the first degree, and definite terms of imprisonment of 1 year on the convictions of endangering the welfare of a child, with all sentences to run concurrently.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed upon the convictions of burglary in the first degree from determinate terms of imprisonment of 25 years, to be followed by a period of postrelease supervision of 5 years, to determinate terms of imprisonment of 23 years, to be followed by a period of postrelease supervision of 5 years; as so modified, the judgment is affirmed.
The defendant, along with two codefendants, was a participant in a home invasion. Trial testimony established that, at the time the perpetrators entered the home, the defendant was holding a knife and a codefendant was armed with a gun. When police officers arrived at the scene, the three perpetrators were apprehended inside the home.
The defendant testified on his own behalf that he and his brother, codefendant Jose Rivera Colon, only participated in the home invasion because the other codefendant, Rafaelito Rodriguez, threatened that he would kill their families if they did not do so. However, the jury rejected the affirmative defense of duress, and the defendant was convicted of three counts of burglary in the first degree and three counts of endangering the welfare of a child.
Contrary to the defendant's contention, the trial court providently exercised its discretion in sustaining objections to certain questions posed to the defendant on redirect examination, which sought to elicit repetitive and speculative testimony (see People v Degree, 186 AD3d 501, 503).
The defendant's contention that he was deprived of his constitutional right to confront [*2]witnesses when, while cross-examining the defendant, the prosecutor referred to a missing witness report, is unpreserved for appellate review (see CPL 470.05[2]; People v Bramble, 81 AD3d 968, 969). In any event, any error in connection with references to the missing witness report was harmless (see People v Crimmins, 36 NY2d 230, 241-242; People v Wilkinson, 185 AD3d 734, 737).
The defendant waived his contention regarding the English interpretation of the Spanish testimony of one of the People's witnesses, since the trial court granted the only relief sought by the defendant's counsel in connection therewith (see People v Colon, 188 AD3d 926, 927; People v Gonzalez, 89 AD3d 1443).
The incorrect testimony of one of the adult witnesses that there were two individuals with "knives" outside his home was corrected on cross-examination when that witness testified that he only saw one individual with a knife outside the home, thereby averting any prejudice (see People v Colon, 188 AD3d at 927).
Contrary to the defendant's contention, the precise contents of the jury's notes were read into the record in the presence of the defendant and defense counsel. Accordingly, the trial court "complied with its core responsibility to give counsel meaningful notice of the jury's notes" (People v Nealon, 26 NY3d 152, 160-162; see People v Wiggs, 28 NY3d 987, 988).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court