People v Hunter (2022 NY Slip Op 02074)





People v Hunter


2022 NY Slip Op 02074


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Gische, J.P., Mazzarelli, Friedman, González, Mendez, JJ. 


Ind No. 65/13 Appeal No. 15575 Case No. 2016-812 

[*1]The People of the State of New York, Respondent,
v
Jamel Hunter, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lorraine Maddalo of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Beth Kublin of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered July 9, 2015, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The eyewitness testimony of a bystander was extensively corroborated by other evidence including defendant's possession of a distinctive jacket matching the one worn by the gunman, surveillance videos recorded before and after the shooting, and ballistics evidence
Defendant did not preserve his challenges to testimony about the decedent's assault against defendant's sister several months before the homicide, and the prosecutor's summation argument that this incident motivated defendant to seek revenge, and we decline to review them in the interest of justice. As an alternative holding, we find that the jury could have drawn a reasonable inference that defendant knew of the incident involving his sister, and that "[s]uch evidence of the defendant's possible animosity towards the decedent was probative of a revenge-related motive" (People v Degree, 186 AD3d 501, 503-504 [2d Dept 2020], lv denied 36 NY3d 971 [2020]). Moreover, rather than objecting, defense counsel made use of this testimony to impugn the victim's character. Defendant's ineffective assistance of counsel claim based on the failure to object to this testimony is unreviewable in the absence of a CPL 440.10 motion (see People v Maffei, 35 NY3d 264, 269-70 [2020]). In the alternative, insofar as this claim is reviewable, it is unavailing because "counsel cannot be ineffective for failing to make a motion that has little or no chance of success" (People v Williams, 35 NY3d 24, 46 [2020]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022