■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WITOLD IWANCZYK, Appellant. [55 NYS3d 420]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopez, J.), rendered May 21, 2014, convicting him of burglary in the first degree (two counts), assault in the second degree, sexual abuse in the first degree, and criminal mischief in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant preserved for appellate review his contention that the evidence was legally insufficient to establish that he committed assault in the second degree and failed to preserve for appellate review his contentions that the evidence was legally insufficient to establish that he committed burglary in the first degree (two counts), sexual abuse in the first degree, and criminal mischief in the fourth degree (two counts) (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Gray*, 86 NY2d 10 [1995]; *People v Edwards*, 81 AD3d 848 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the first degree (two counts), assault in the second degree, sexual abuse in the first degree, and criminal mischief in the fourth degree (two counts). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdicts of guilt as to those crimes were not against the weight of the evidence (*see People v Romero* 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair

trial by certain of the prosecutor's actions is without merit. The defendant's contention that the prosecutor improperly elicited inferential hearsay testimony from a police detective, which bolstered the complainant's testimony, is without merit. The detective's descriptions of a "walk through" of the crime scene and where specific items relevant to the crime were found were properly admitted for the relevant, nonhearsay purpose of "establishing the reasons behind" the detective's actions, and "to complete the narrative of events leading to the defendant's arrest" (*People v Ragsdale*, 68 AD3d 897, 897-898 [2009]; *cf. People v Rosario*, 100 AD3d 660 [2012]). Moreover, the prosecutor's summation remarks challenged by the defendant were within the broad bounds of rhetorical comment permissible in closing arguments, fair comment on the evidence, or responsive to arguments and theories presented in the defense's summation (*see People v Halm*, 81 NY2d 819 [1993]; *People v Galloway*, 54 NY2d 396 [1981]; *People v Ashwal*, 39 NY2d 105 [1976]). Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.