People v Foy (2020 NY Slip Op 05525)





People v Foy


2020 NY Slip Op 05525


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-13172
 (Ind. No. 4340/16)

[*1]The People of the State of New York, respondent,
v
Bernard Foy, appellant.


Paul Skip Laisure, New York, NY (Hannah Kon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn Laporte, J.), rendered November 1, 2017, convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On the evening of May 6, 2016, half brothers Patrick Chrone and David Cenevil left their home in East New York and proceeded toward a nearby store, Chrone on foot and Cenevil on a bicycle. Shortly thereafter, Chrone noticed his stepfather, the defendant, sitting in his car which was parked on the street. Chrone had been watching for the defendant because he had been antagonizing and harassing Chrone for several weeks prior to the incident. The defendant then drove his car into Cenevil. The defendant briefly stopped and then drove away. Cenevil was taken by ambulance to Brookdale Hospital, where he underwent brain surgery and remained there for approximately five days.
The defendant was charged with, inter alia, attempted assault in the first degree, assault in the second degree, and leaving the scene of an accident without reporting. Upon a jury verdict, the defendant was convicted of attempted assault in the first degree. The defendant was sentenced to 11 years' imprisonment, followed by a five-year period of post-release supervision. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in permitting the People to elicit evidence of a domestic violence incident that occurred on April 15, 2016 (see People v Bittrolff, 165 AD3d 690, 690). The People offered the evidence not to demonstrate the defendant's propensity to commit the crime charged, but to establish his motive, identity, and intent, as well as to complete the narrative (see People v Morris, 21 NY3d 588, 594; People v Harris, 117 AD3d 847, 854, affd 26 NY3d 1). The People's theory of the case was that, when the defendant intentionally drove his car into Cenevil, he was seeking revenge on Cenevil and Chrone for interfering in the April 15, 2016, domestic violence incident, in which the defendant assaulted their mother and was arrested. Further, the court providently exercised its discretion in weighing the evidence's probative value against its prejudicial effect (see People v Bittrolff, 165 [*2]AD3d at 691; cf. People v Ramirez, 180 AD3d 811, 813). Moreover, the court gave the jury appropriate limiting instructions, to which defense counsel did not object, as to the limited purpose for which that evidence was admitted (see People v Bittrolff, 165 AD3d at 691; People v Townsend, 100 AD3d 1029, 1031).
The defendant's contentions that the Supreme Court should not have admitted into evidence the"sprint report" of the 911 calls from April 15, 2016, because it did not fall within the business records exception to the hearsay rule and no other hearsay exception applied are unpreserved for appellate review (see People v McAllister, 264 AD2d 742, 743), and we decline to review these contentions in the exercise of our interest of justice jurisdiction.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in declining to give an adverse inference charge based upon the People's failure to preserve the audio recordings of the 911 calls from April 15, 2016. There was no showing of bad faith or lack of due diligence on the part of the People or prejudice to the defendant, and a sprint report of the calls was supplied (see People v Perkins, 124 AD3d 915, 916, revd on other grounds 28 NY3d 432; People v Brown, 92 AD3d 455, 456; People v Wallace, 293 AD2d 556, 557; People v Marengo, 276 AD2d 358, 359; People v Green, 244 AD2d 423, 423).
We agree with the Supreme Court's determination to admit into evidence a recording of a 911 call made by Chrone under the "excited utterance" and "present sense impression" exceptions to the hearsay rule (see People v Almonte, 33 NY3d 1083, 1084; People v Cummings, 31 NY3d 204, 209; People v Brown, 80 NY2d 729, 732; People v Parchment, 92 AD3d 699, 699).
Contrary to the defendant's contention the Supreme Court providently exercised its discretion in allowing a physician's assistant to provide expert testimony regarding Cenevil's brain injury and treatment (see Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 847; Lavi v NYU Hosps. Ctr., 133 AD3d 830, 831). "As a general rule, the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court" (People v Lee, 96 NY2d 157, 162; see Doviak v Finkelstein & Partners, LLP, 137 AD3d at 847).
The defendant's contentions regarding alleged prosecutorial misconduct during summation are partially unpreserved for appellate review (see CPL 470.05[2]; People v Fletcher, 130 AD3d 1063, 1065, affd 27 NY3d 1177), and, in any event, the challenged remarks were either permissible rhetorical comment (see People v Galloway, 54 NY2d 396; People v Macuil, 67 AD3d 1025, 1026), fair response to the arguments and issues raised by the defense (see People v Halm, 81 NY2d 819), fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), or, if improper, were not so egregious as to deprive the defendant of a fair trial (see People v Persaud, 98 AD3d 527, 529; People v Pocesta, 71 AD3d 920, 921).
The sentence imposed was not excessive (People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court