People v McClinton (2020 NY Slip Op 05933)





People v McClinton


2020 NY Slip Op 05933


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2016-13194
 (Ind. No. 1554/15)

[*1]The People of the State of New York, respondent,
v
Charles D. McClinton, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred J. Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William J. Condon, J.), rendered November 18, 2016, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Although the jury convicted the defendant of the first count of the indictment, robbery in the first degree, it rendered no verdict on the second count, robbery in the third degree. Nevertheless, the sentencing minutes reveal that the County Court erroneously sentenced the defendant on the second count, to run concurrently with the sentence on the first. After an off-the-record discussion, the court immediately corrected its error and resentenced the defendant to impose a sentence on the first count only. Both the Uniform Sentence and Commitment form and the certificate of conviction reflect that the defendant was sentenced only on the first count. Accordingly, although the defendant contends that the purported sentence imposed on the second count of the indictment should be vacated, the record reflects that no sentence was in fact imposed on that count.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of robbery in the first degree. Moreover, upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495).
The defendant's contention that he was deprived of his right to a fair trial by the prosecutor's alleged violation of the County Court's pretrial ruling made pursuant to People v Molineux (168 NY 264) is partially unpreserved for appellate review (see CPL 470.05[2]; People v Sams, 140 AD3d 1195, 1196). In any event, the prosecutor did not violate the Molineux ruling by eliciting testimony from an asset protection officer that the officer knew the defendant from a previous incident that occurred four years earlier (see People v Rock, 65 AD3d 558). Moreover, contrary to the defendant's contention, the court did not err in granting the People's application to modify its Molineux ruling. During cross-examination, defense counsel questioned the officer about [*2]how he knew the defendant, thus opening the door to the previously precluded inquiry (see People v Mateo, 2 NY3d 383). The People were thus entitled to question the witness on re-direct examination regarding the details of the prior incident (see People v Fardan, 82 NY2d 638, 646). In any event, to the extent that such evidence was admitted in error, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (see People v Arafet, 13 NY3d 460, 468; People v Crimmins, 36 NY2d 230, 237).
The defendant's contention that the testimony of one of the People's witnesses that she was afraid of the defendant because he was violent towards her and that the defendant used drugs deprived him of his due process right to a fair trial is unpreserved for appellate review (see CPL 470.05[2]). In any event, the record establishes that the challenged testimony was evoked by defense counsel on cross examination and no curative instruction was requested (see generally People v Al-Kanani, 33 NY2d 260; People v Scott, 126 AD2d 582, 583; People v Blackshear, 112 AD2d 1044). Moreover, the County Court struck the testimony that the defendant used drugs, and the court is deemed to have corrected the error to the defendant's satisfaction in the absence of a request by the defendant for further curative instructions (see People v Keith, 136 AD2d 657).
The defendant's contention that the County Court's refusal to submit larceny for the jury's consideration, as requested by defense counsel, is reversible error is foreclosed by the fact that the jury convicted him of the higher of the two charges submitted to them (see People v Richette, 33 NY2d 42, 45; People v Williams, 161 AD2d 825; see also People v Boettcher, 69 NY2d 174, 180).
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court