People v Knight (2021 NY Slip Op 02824)





People v Knight


2021 NY Slip Op 02824


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-07931
 (Ind. No. 5627/15)

[*1]The People of the State of New York, respondent,
v
Tyshon Knight, appellant.


Janet E. Sabel, New York, NY (David Crow and Mayer Brown LLP [Michael Rayfield and Jamie Leipzig], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered May 17, 2018, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree (four counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in admitting evidence that the defendant's brother had been shot the day prior to the homicide at issue in this case, as well as evidence that the defendant, along with others, had visited his brother at the hospital approximately two hours before the homicide. The People's theory of the case was that the defendant's motive for the homicide at issue was revenge for his brother's shooting, which was shown to be connected to the instant homicide through the physical evidence admitted at trial (see People v Degree, 186 AD3d 501, 503-504; see also People v Foy, 187 AD3d 782, 782-783). Further, the probative value of the admitted evidence outweighed the risk of prejudice resulting from its admission (see People v Foy, 187 AD3d at 783; People v Degree, 186 AD3d at 504).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court