People v Garcia (2022 NY Slip Op 02017)





People v Garcia


2022 NY Slip Op 02017


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2016-03612
 (Ind. No. 9503/09)

[*1]The People of the State of New York, respondent,
v
Germaine Garcia, appellant.


Patricia Pazner, New York, NY (Emily T. Lurie and Alice Cullina of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Rebecca Height of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered March 11, 2016, convicting him of burglary in the second degree, criminal contempt in the first degree (two counts), menacing in the third degree, criminal mischief in the fourth degree, and attempted assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in permitting the People to elicit evidence of the defendant's prior bad act involving the complainant (see People v Molineux, 168 NY 264). The evidence was properly admitted as relevant background material to enable the jury to understand the defendant's relationship with the complainant and to explain the issuance of an order of protection (see People v Winston, 169 AD3d 1361, 1362; People v Bittrolff, 165 AD3d 690, 691; People v Michel, 158 AD3d 649, 649; People v Walters, 127 AD3d 889, 889). Moreover, although a contemporaneous limiting instruction should ordinarily be provided, defense counsel did not request one and the court properly instructed the jury during its final charge (see People v Mitchell, 112 AD3d 1071, 1073; People v Norman, 40 AD3d 1128, 1129-1130; People v Thomas, 26 AD3d 241, 242). The defendant's contention that he was deprived of a fair trial due to violations of the court's Molineux ruling is unpreserved for appellate review (see People v Butler, 192 AD3d 1701, 1703). In any event, the defendant was not deprived of a fair trial by any violation of the Molineux ruling, and any other error in this regard was harmless as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that any error in this regard contributed to the defendant's convictions (see People v Arafet, 13 NY3d 460, 468; People v McClinton, 187 AD3d 1056, 1057).
Based upon the record before us, the defendant received the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137, 146-147).
The defendant's contentions regarding certain remarks made by the prosecutor in her opening statement and summation are unpreserved for appellate review (see CPL 470.05[2]; People v Jackson, 180 AD3d 931, 931). In any event, the contentions either are without merit or relate to [*2]harmless error (see People v Crimmins, 36 NY2d 230).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court