People v Delacruz (2022 NY Slip Op 04641)

People v Delacruz

2022 NY Slip Op 04641

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2016-07058
 (Ind. No. 15-00945)

[*1]The People of the State of New York, respondent,
v
Pedro Delacruz, appellant.

Portale Randazzo, LLP, White Plains, NY (Richard Portale and Chad Mair of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Christine DiSalvo of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Robert A. Neary, J.), rendered May 24, 2016, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree and criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
After a hearing was held to determine the admissibility of testimony from the decedent's girlfriend that, a few days prior to his death, the decedent told her during a telephone call that, among other things, the defendant "just chased [him] with a gun and a knife," the Supreme Court allowed the testimony under the excited utterance exception to the hearsay rule. Contrary to the People's contention, the defendant's challenge to the admission of this testimony under the excited utterance exception is preserved for appellate review. "'A spontaneous declaration or excited utterance—made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant is an exception to the prohibition on hearsay'" (People v Morris, 189 AD3d 1077, 1079, quoting People v Cummings, 31 NY3d 204, 209 [internal quotation marks omitted]; see People v Edwards, 47 NY2d 493, 498). "The decision to admit hearsay as an excited utterance is an evidentiary decision, 'left to the sound judgment of the trial court'" (People v Cummings, 31 NY3d at 208, quoting People v Hernandez, 28 NY3d 1056, [*2]1057).
Here, the decedent's girlfriend testified that she called the decedent, and when the decedent answered her call it sounded like the decedent had "just finished gettin' chased, he was out of breath." The decedent's girlfriend also testified that during the call, the decedent stated to her that he was "just chased." The Supreme Court thus properly admitted the testimony under the excited utterance exception since the record demonstrates that the decedent made the statements while he was "still under the stress of excitement" of the chase (People v Hernandez, 28 NY3d at 1057; see People v Ortiz, 198 AD3d 924, 927; People v Nalty, 160 AD2d 958, 959).
The defendant also challenges the Supreme Court's admission of the testimony as a prior bad act under People v Molineux (168 NY 264). This contention is unpreserved for appellate review, as the defendant failed to raise this specific contention before the Supreme Court (see CPL 470.05[2]; People v Murray, 155 AD3d 1106, 1111). In any event, this contention is without merit. "[T]he familiar Molineux rule states that evidence of a defendant's uncharged crimes or prior misconduct is not admissible if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged" (People v Cass, 18 NY3d 553, 559; see People v Alvino, 71 NY2d 233, 241; People v Allweiss, 48 NY2d 40, 46). Evidence of a defendant's uncharged crimes and prior misconduct may be admissible, however, where it is relevant to a material issue in the case such as intent, motive, knowledge, absence of mistake, common scheme or plan, or identity (see People v Morris, 21 NY3d 588, 594; People v Molineux, 168 NY at 293), or if it "provid[es] necessary background information" (People v Morales, 189 AD3d 1464, 1467 [internal quotation marks omitted]). "If the evidence has substantial probative value and is directly relevant to the purpose—other than to show criminal propensity—for which it is offered, the probative value of the evidence outweighs the danger of prejudice and the court may admit the evidence" (People v Cass, 18 NY3d at 560; see People v Allweiss, 48 NY2d at 46-47).
Here, the testimony of the decedent's girlfriend was admitted for the legitimate purpose of providing necessary background on the relationship between the parties and was probative of the defendant's intent and motive, and any potential for prejudice was outweighed by the probative value of the evidence (see People v Dorm, 12 NY3d 16, 19; People v Bradford, 118 AD3d 1254, 1256; People v Williams, 27 AD3d 673, 673; People v Johnson, 213 AD2d 675, 676).
The defendant's remaining contentions, alleging confrontation and due process violations, are unpreserved for appellate review (see People v Tavarez, 155 AD3d 783, 787; People v Castello, 176 AD3d 730, 733), and, in any event, without merit.
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court