People v Nasyrova (2024 NY Slip Op 04401)

People v Nasyrova

2024 NY Slip Op 04401

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-04122
 (Ind. No. 2385/17)

[*1]The People of the State of New York, respondent,
v
Viktoria Nasyrova, appellant.

The Baker Law Firm for Criminal Appeals, PLLC, Bronx, NY (Mark M. Baker of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered April 19, 2023, convicting her of attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, unlawful imprisonment in the first degree, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of, inter alia, attempted murder in the second degree in connection with the poisoning of the complainant in August 2016. At trial, the complainant testified that the defendant went to the complainat's home in Queens with a box containing cheesecake, that the complainant ate a slice of cheesecake, and that shortly thereafter, the complainant vomited, lost consciousness, and was hospitalized. Other trial witnesses testified that cheesecake residue on the box contained phenazepam, a drug that can cause, among other things, loss of consciousness, amnesia, and death, and that cannot be legally prescribed or used in the United States.
The defendant contends that she was deprived of a fair trial due to the Supreme Court's admission pursuant to People v Molineux (168 NY 264) of testimony about an incident that occurred in Russia approximately two years before the subject poisoning and another incident that took place in Brooklyn approximately two months before the poisoning. "Evidence of a crime or bad act may be admissible as evidence in the People's case-in-chief in the trial of another crime when it tends to establish a defendant's (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity" (People v Blackwell, 219 AD3d 619, 621 [internal quotation marks omitted]; see People v Weinstein, ____ AD3d ____, 2024 NY Slip Op 02222; People v Espinal-Ramos, 225AD3d 621, 621-622), or to provide a complete "narrative of the events charged in the indictment," as well as "necessary background information" (People v Jones, 206 AD3d 671, 673 [internal quotation marks omitted]; see People v Bonich, 208 AD3d 679, 680; People v Martinez, 201 AD3d 658, 659). "If the evidence has substantial probative value and is directly relevant to the purpose—other than to show criminal propensity—for which it is offered, the probative value of the evidence outweighs the danger of prejudice and the court may admit the evidence" (People v Blackwell, 219 AD3d at 621 [internal quotation marks omitted]; see People v Telfair, 41 NY3d 107).
Here, the testimony regarding the incident that occurred in Russia was probative of [*2]the defendant's motive and provided necessary background information (see People v Delacruz, 207 AD3d 652, 654; People v Knight, 194 AD3d 752, 753; People v Magnan, 173 AD3d 1214, 1216). The testimony regarding the incident that occurred in Brooklyn was probative of the defendant's identity as the person who committed the charged crimes. Contrary to the defendant's contention, her identity as the person who committed the charged crimes was not conclusively established, as the complainant testified that the defendant ate other slices of cheesecake from the same box in front of her, and the defendant disputed that she chose the slice the complainant ate and that the defendant put phenazepam in the cheesecake (see People v Agina, 18 NY3d 600, 604; People v Blackwell, 219 AD3d at 621; People v Littlejohn, 112 AD3d 67, 75). The probative value of the challenged testimony outweighed the risk of undue prejudice to the defendant (see People v Bonich, 208 AD3d at 680; People v Delacruz, 207 AD3d at 654; People v Jones, 206 AD3d at 673). Moreover, the Supreme Court gave the jury limiting instructions, to which defense counsel did not object, as to the limited purpose for which the evidence was received, alleviating any prejudice that may have resulted from the admission of the evidence (see People v Bonich, 208 AD3d at 680; People v Jones, 206 AD3d at 673). Accordingly, the court providently exercised its discretion in admitting the challenged testimony.
To the extent that the defendant contends that certain remarks regarding the Russia incident and the Brooklyn incident made by the prosecutor during summation deprived her of a fair trial, that contention is unpreserved for appellate review, as the defendant failed to object to the challenged remarks (see CPL 470.05[2]; People v Morris, 2 AD3d 652, 653; People v McHarris, 297 AD2d 824, 825). In any event, most of the challenged remarks constituted fair comment on the evidence or the reasonable inferences to be drawn therefrom (see People v Salcedo, 209 AD3d 678, 680; People v Fuhrtz, 115 AD3d 760; People v McHarris, 297 AD2d at 825), and any improper remarks "were not so flagrant or pervasive" as to have deprived the defendant of a fair trial (People v Almonte, 23 AD3d 392, 394).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court