People v Hall (2025 NY Slip Op 03587)

People v Hall

2025 NY Slip Op 03587

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-02072
 (Ind. No. 5190/18)

[*1]The People of the State of New York, respondent,
v
David Hall, appellant.

Twyla Carter, New York, NY (Katheryne M. Martone of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered February 7, 2020, convicting him of murder in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 20 years to life.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from an indeterminate term of imprisonment of 20 years to life to an indeterminate term of imprisonment of 15 years to life; as so modified, the judgment is affirmed.
The defendant contends that he was deprived of a fair trial due to the Supreme Court's admission of evidence pursuant to People v Molineux (168 NY 264), claiming that it was erroneous for the court to permit testimony that he had reported that his vehicle had previously been broken into, with property stolen from within, that he and the victim had argued over a parking spot, and that the defendant's wife had reported that someone had slashed the tires of their vehicle. However, these contentions are unpreserved for appellate review, as the defendant failed to raise these specific objections before the court (see CPL 470.05[2]; People v Delacruz, 207 AD3d 652, 653), and, in any event, without merit.
The testimony in question was not necessarily indicative of prior bad acts (see People v Brewer, 28 NY3d 271, 274), was probative of the defendant's motive for the shooting, and provided necessary background information (see People v Delacruz, 207 AD3d at 654; People v Knight, 194 AD3d 752, 753). "[T]he probative value of the admitted evidence outweighed the risk of prejudice resulting from its admission" (People v Knight, 194 AD3d at 753). Accordingly, the Supreme Court providently exercised its discretion in admitting the challenged testimony.
It was improper for the Supreme Court to have admitted evidence that the defendant had been issued a police summons for excessive window tinting, as that evidence was unnecessary to prove his connection to the vehicle in question (see People v Weinstein, 42 NY3d 439, 457; People v Leonard, 29 NY3d 1, 7). However, the error was harmless, since the evidence of the defendant's guilt, which included testimony from three different individuals who knew the defendant [*2]and identified him as the person who had been arguing with the victim shortly before the shooting, as well as surveillance video footage from which the defendant was identified as the person following the victim and appearing to shoot a firearm in the victim's direction, was overwhelming, and there is no significant probability that any error in this regard contributed to the defendant's conviction (see People v Garcia, 203 AD3d 1071).
The defendant's contention that the Supreme Court improperly permitted a person who was not a witness to the shooting to testify that, in her opinion, the person depicted in a surveillance video of the shooting was the defendant, is unpreserved for appellate review (see CPL 470.05[2]; People v Alleyne, 114 AD3d 804) and, in any event, without merit (see People v Ruiz, 7 AD3d 737, 737; People v Magin, 1 AD3d 1024, 1025). The People established that the witness had sufficient contact and familiarity with the defendant to aid the jury in making an independent assessment regarding whether the person in the surveillance video, which did not provide a particularly clear depiction of the perpetrator's face, was indeed the defendant (see People v Mosley, 41 NY3d 640, 647-648; People v Russell, 79 NY2d 1024, 1025).
The testimony of a police detective regarding the defendant's identification as the perpetrator of the charged crimes did not constitute improper bolstering because it was offered for the relevant, nonhearsay purpose of establishing the reasons behind the detective's actions and to complete the narrative of events leading to the defendant's arrest, weeks after the shooting (see People v Ragsdale, 68 AD3d 897, 897-898; see also People v Iwanczyk, 151 AD3d 745, 746). In any event, any error in the admission of this testimony was harmless, as the evidence of guilt was overwhelming and there is no significant probability in this case that the alleged error would have affected the verdict (see People v Crudup, 197 AD3d 656, 658-659).
Moreover, "inasmuch as the trial court delivered instructions regarding the identification of the defendant, the general factors to be considered in evaluating the witnesses' credibility, and the People's burden of proving identification beyond a reasonable doubt, its charge was proper" (People v Love, 244 AD2d 431, 431; see generally People v Walker, 26 NY3d 170, 174).
The sentence imposed was excessive to the extent indicated herein (see People v Brisman, ____ NY3d _____, 2025 NY Slip Op 00123; People v Morales, 189 AD3d 1464, 1468; People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court