People v Uddin (2025 NY Slip Op 05701)

People v Uddin

2025 NY Slip Op 05701

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-09418
 (Ind. No. 73667/21)

[*1]The People of the State of New York, respondent,
v
Meftaah Uddin, appellant.

Mancilla & Fantone, LLP, New York, NY (Robert M. Fantone and Lauren DiChiara of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (E. Niki Warin, J.), rendered October 31, 2022, convicting him of criminal sexual act in the first degree, criminal sexual act in the third degree (three counts), grand larceny in the fourth degree, assault in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant appeals from a judgment convicting him, upon a jury verdict, of criminal sexual act in the first degree, criminal sexual act in the third degree (three counts), grand larceny in the fourth degree, assault in the third degree, and petit larceny, arising out of acts of domestic violence he inflicted upon the complainant. At trial, the People presented, among other things, the testimony of the complainant, the testimony of a critical care nurse, and the testimony of an expert in domestic violence.
The defendant's contention that the Supreme Court erred in permitting the People to present expert testimony on the impact of sexual abuse on Southeast Asian persons and/or practitioners of the Islamic faith is unpreserved for appellate review (see CPL 470.05[2]). At trial, the People proffered an expert "in the field of domestic violence, coercive control, trauma, and the cultural impact of them." The defendant did not object. In any event, the contention is without merit, as the expert demonstrated through her foundational testimony that she possessed the skill, training, knowledge, and experience necessary to proffer an opinion (see De Long v County of Erie, 60 NY2d 296, 307; People v Flores, 153 AD3d 182, 196, affd 32 NY3d 1087) about the delay in outcry common to domestic violence victims, including victims of sexual assault, as well as the impact of culture on outcry (see People v Williams, 20 NY3d 579; People v Khalil, 206 AD3d 1300). The defendant's contention that the court erred in admitting that expert's testimony without holding a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) is also unpreserved for appellate review (see CPL 470.05[2]). In any event, a Frye hearing was not necessary because the evidence proffered by the prosecution did not concern a novel scientific theory, technique, or procedure but instead involved deductions made based upon the expert's skill, training, knowledge, and experience (see People v Fernandez, 210 AD3d 693).
The defendant's contention that the Supreme Court erred in admitting the expert testimony of the critical care nurse who treated the complainant in a hospital emergency room is also unpreserved for appellate review (see CPL 470.05[2]). In any event, the court properly qualified the critical care nurse as an expert based on her skill, training, knowledge, and experience (see De Long v County of Erie, 60 NY2d at 307; People v Flores, 153 AD3d at 196). Moreover, the critical care nurse was properly permitted to testify about a conversation with the complainant about unwanted sexual relations, since the discussion was consistent with diagnosis and treatment for physical and psychological injury (see People v Rath, 192 AD3d 1600; People v Dumancela, 136 AD3d 1053).
The defendant's contention that the Supreme Court erred in permitting the People to elicit evidence of the complainant's and the defendant's Islamic faith for the purpose of bolstering the complainant's credibility and to simultaneously disparage the defendant in violation of the Free Exercise Clause of the New York and United States Constitutions is also unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. The prosecutor's comments in her opening statement and summation, together with the background evidence admitted as to the shared beliefs and culture of the defendant and the complainant, explained the complainant's behavior before, during, and after the crimes, thus, providing context for the charged conduct (see People v Leonard, 29 NY3d 1, 7; People v Dorm, 12 NY3d 16). Moreover, the background evidence that the defendant and the complainant shared the Islamic religion and the prosecutor's brief comments did not vilify the defendant based on his faith (see People v Benedetto, 294 AD2d 958). Additionally, since the jury is presumed to follow the court's instructions, any possible prejudice or bias was cured by the court's final instruction to the jury (see People v Martinez, 201 AD3d 658; People v Beer, 146 AD3d 895, 896).
The defendant's contention that the Supreme Court erred in permitting the People to present evidence of the defendant's prior bad acts against the complainant, including two acts of sexual intercourse and an act of forcible sexual conduct, is unpreserved for appellate review (see CPL 470.05[2]). In any event, any error in the admission of the evidence was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that any error in this regard contributed to the defendant's convictions (see People v Garcia, 203 AD3d 1071; People v McClinton, 187 AD3d 1056).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matters appearing on the record and, in part, on matters outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). As the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court