■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC RICHARDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered September 10, 1987, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after police officers observed him in possession of a fully loaded and operable .38 caliber pistol near the residence of one Miriam Williamson, whom the defendant believed had shot his wife earlier that day.

On appeal, the defendant contends, *inter alia,* that certain inconsistencies in the testimony of the arresting officer and two other officers undermined their credibility necessitating reversal of his conviction. We disagree. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

Although the People adduced evidence with respect to the defendant's possession and discharge of a .25 caliber revolver at Ms. Williamson's home—for which he was not indicted—the defendant's present claim that the foregoing constituted evidence of an uncharged crime is unpreserved for appellate review. In any event, the defendant's possession of the .25 caliber pistol and his discharge of the weapon at Ms. Williamson's home shortly before his arrest nearby for possessing the .38 caliber pistol was probative of his intent to use that weapon unlawfully against another, as charged in the indictment, and thus that evidence was not inadmissible *(see, e.g., People v Satiro,* 72 NY2d 821, 822; *People v Ingram,* 71 NY2d 474, 479; *People v Alvino,* 71 NY2d 233, 241-243; *People v Molineux,* 168 NY 264, 291-294). Moreover, the court did not abuse its discretion in admitting this evidence, as its probative value outweighed its prejudicial effect *(see, People v Satiro, supra; People v Ingram, supra,* at 481).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.