■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON HERRERA, Appellant. [595 NYS2d 81] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Corrado, J.), rendered January 9, 1991, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Based upon allegations that on April 28, 1990, he pointed a loaded handgun at the complainant and threatened to kill him, the defendant was charged with, *inter alia,* criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Prior to the first trial herein, the court ruled that the prosecutor could ask the defendant about two earlier incidents occurring in March 1990, when the defendant allegedly pointed a gun and/or threatened to kill the complainant. This first trial terminated in a mistrial. At the instant retrial, the court adopted the *Molineux* rulings *(see, People v Molineux,* 168 NY 264) made at the first trial. On appeal, the defendant argues that evidence of the prior incidents should not have been admitted.

Contrary to the defendant's contention, we find that the evidence was properly admitted. Such evidence was probative of an element of criminal possession of a weapon in the second degree, i.e., intent to use the weapon unlawfully against the complainant *(see,* Penal Law § 265.03; *People v Satiro,* 72 NY2d 821; *People v Alvino,* 71 NY2d 233, 243; *People v Richardson,* 148 AD2d 476). Further, the probative value of the evidence outweighed its prejudicial effect *(see, People v Ingram,* 71 NY2d 474, 481).

We have considered the defendant's remaining contentions and find them to be meritless. Bracken, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.