■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAX DERENONCOURT, Appellant. [23 NYS3d 579]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Knopf, J.), rendered June 18, 2012, convicting him of criminal possession of a weapon in the third degree under indictment No. 3003/06, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered June 18, 2012, convicting him of bail jumping in the second degree under indictment No. 428/08, upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of criminal possession of a weapon in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. A rational trier of fact could have inferred beyond a reasonable doubt that the defendant knowingly possessed a loaded and operable firearm since it was in his physical possession at the time the police encountered him (*see People v Muhammad*, 16 NY3d 184, 188 [2011]; *see generally People v Joyner*, 126 AD3d 1002, 1006 [2015]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant waived his present contention that he was deprived of a fair trial due to the admission of transcripts of previous court proceedings that allegedly referred to his prior bad acts. He consented to the admission of the transcripts and did not request any redaction of the particular excerpts of which he now complains, despite requesting redaction of other portions of the transcripts. Moreover, he affirmatively relied upon the challenged portions in summation as part of his defense strategy (*see People v McLean*, 128 AD3d 1094, 1098 [2015]; *People v Holmes*, 47 AD3d 946 [2008]; *People v Blackman*, 13 AD3d 640, 641 [2004]).

Finally, the defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation at trial (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Thomas*, 131 AD3d 712 [2015]). Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.