People v Hayes (2020 NY Slip Op 01361)





People v Hayes


2020 NY Slip Op 01361


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-09654
 (Ind. No. 34/14)

[*1]The People of the State of New York, respondent,
v
John Hayes, appellant.


Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William C. Donnino, J.), rendered August 12, 2016, convicting him of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree, attempted robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of charges relating to an attempted robbery of a grocery store and a robbery of a gas station, both of which were committed on December 4, 2013.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators of the attempted robbery and the robbery beyond a reasonable doubt. The evidence included an identification of the defendant by one of the complaining witnesses at the gas station, DNA evidence linking the defendant to the attempted robbery of the grocery store, and compelling circumstantial evidence implicating the defendant in both the attempted robbery of the grocery store and the robbery of the gas station (see People v Drummond, 143 AD3d 836, 837; People v Moss, 138 AD3d 761, 761; People v Daniels, 125 AD3d 1432, 1432-1433).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant waived his current contention that the trial court should have granted a mistrial based upon the prosecutor's improper elicitation of negative identification testimony. The defendant entered into a stipulation with the People such that he made affirmative use of that testimony as part of his defense strategy (see People v Derenoncourt, 135 AD3d 953, 954; People [*2]v Blackman, 13 AD3d 640, 641).
The defendant's contentions that the trial court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) deprived him of his constitutional rights to testify and to present a defense are unpreserved for appellate review (see CPL 470.05[2]; People v Grant, 7 NY3d 421, 424; People v Barnett, 163 AD3d 700, 701). In any event, the trial court providently exercised its discretion in permitting the prosecution, if the defendant were to testify, to cross-examine him as to the existence of one of his felony convictions, without specific reference to the nature of the crime, and as to a misdemeanor conviction for petit larceny, without eliciting the underlying facts of that crime. " [C]onvictions involving theft are highly relevant to the issue of credibility because they demonstrate the defendant's willingness to deliberately further his self-interest at the expense of society'" (People v Carmichael, 171 AD3d 1084, 1085, quoting People v Hegdal, 266 AD2d 472, 473). The mere fact that the prior conviction for petit larceny was similar in nature to the charged crimes did not warrant its preclusion (see People v Carmichael, 171 AD3d at 1085; People v Lombardo, 151 AD3d 887, 887). Consequently, the trial court's ruling "struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of his credibility and the possible prejudice to him" (People v Jackson, 139 AD3d 875, 877; see People v Hicks, 84 AD3d 1402, 1402).
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court