People v Maldonado (2020 NY Slip Op 07096)





People v Maldonado


2020 NY Slip Op 07096


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-11885
 (Ind. No. 8596/16)

[*1]The People of the State of New York, respondent,
v
Juan Maldonado, appellant.


Paul Skip Laisure, New York, NY (Emily T. Lurie of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered October 18, 2017, convicting him of manslaughter in the second degree, leaving the scene of an incident without reporting, and reckless driving, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 5 to 15 years and a fine in the sum of $5,000 on his conviction of manslaughter in the second degree, an indeterminate term of imprisonment of 2&frac13; to 7 years and a fine in the sum of $5,000 on his conviction of leaving the scene of an incident without reporting, and a definite term of imprisonment of 30 days and a fine in the sum of $300 on his conviction of reckless driving, with all sentences to run concurrently. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating so much of the sentence as imposed a fine in the sum of $5,000 upon the conviction of manslaughter in the second degree, and by reducing the fine imposed on the conviction of leaving the scene of an incident without reporting from the sum of $5,000 to the sum of $2,000; as so modified, the judgment is affirmed.
On July 2, 2016, the victim was fatally struck by a car while riding his bicycle in Williamsburg, Brooklyn. The vehicle which struck the victim fled the scene and the driver never reported the collision. The defendant was arrested in connection with this incident in November 2016. After a hearing, the Supreme Court denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from a search of his vehicle. Following trial, the jury found the defendant guilty of manslaughter in the second degree, leaving the scene of an incident without reporting, and reckless driving.
On appeal, the defendant contends that the Supreme Court erred in declining to suppress the physical evidence recovered from the search of his vehicle, inasmuch as the duration of the seizure of the vehicle, prior to the search, exceeded the scope of his consent. We disagree. "[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises or personal property in question" (People v Cosme, 48 NY2d 286, 290). "'The standard for measuring [*2]the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?'" (People v Gomez, 5 NY3d 416, 419, quoting Florida v Jimeno, 500 US 248, 251).
Here, the testimony adduced at the suppression hearing demonstrated that the defendant signed a "consent to search form," which was not restricted to any particular date and provided that the consent could be revoked at any time. Under the circumstances of this case, including the anticipated transport of the defendant's vehicle from out of state, the nature of the investigation, which was conveyed to the defendant prior to his consent, and the unrestricted consent form signed by the defendant, we find that the nine-day seizure of the defendant's vehicle did not exceed the scope of his consent (see U.S. v Casellas-Toro, 807 F3d 380, 391-392 [1st Cir]). In light of our determination that the seizure and search of the vehicle was lawful based upon the defendant's valid consent thereto, we need not reach the defendant's additional contention that the same nine-day period was an unreasonable period of time for the police to delay in seeking a search warrant. Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the search of his vehicle.
The defendant also contends that the verdict was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
"The qualification of a witness to testify as an expert is a matter that rests in the sound discretion of the trial court, and the court's determination should not be disturbed on appeal in the absence of a serious mistake, an error of law, or an improvident exercise of discretion" (People v Dorvilier, 122 AD3d 642, 642; see Meiselman v Crown Hgts. Hosp., 285 NY 389, 398-399). "'The competence of an expert in a particular subject may derive from long observation and real world experience, and is not dependent upon formal training or attainment of an academic degree in the subject'" (People v Dorvilier, 122 AD3d at 642-643, quoting Miele v American Tobacco Co., 2 AD3d 799, 802). Here, the Supreme Court providently exercised its discretion in allowing the People's witness to testify as an expert on the subject of accident reconstruction and speed calculation. The witness, a member of the New York City Police Department Highway Patrol Collision Investigations Squad at the time of trial, had completed academic training on the subjects of accident reconstruction and speed analysis, and had practical experience conducting speed analysis (see People v Battease, 124 AD2d 807, 809).
The defendant's contention that he was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record reflects that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The sentence imposed was excessive to the extent indicated herein.
The defendant's remaining contentions are unpreserved for appellate review and we decline to review them in the exercise of our interest of justice jurisdiction.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court