People v Cooper (2021 NY Slip Op 01426)





People v Cooper


2021 NY Slip Op 01426


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-04949
 (Ind. No. 2600/17)

[*1]The People of the State of New York, respondent,
v
Carl Cooper, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Andrew S. Durham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered April 9, 2019, convicting him of burglary in the third degree (two counts), possession of burglar's tools (three counts), criminal mischief in the fourth degree (two counts), petit larceny, and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the Supreme Court's denial of his request for a two-week adjournment deprived him of his constitutional right to present a defense, to counsel, and to a fair trial (see CPL 470.05[2]). In any event, the contention is without merit. The decision to grant or deny an adjournment request is committed to the trial court's sound discretion (see People v Foy, 32 NY2d 473; People v Newton, 149 AD3d 874). That discretionary power has been more narrowly construed by reviewing courts when the adjournment request implicates the protection of the defendant's fundamental rights (see People v Spears, 64 NY2d 698; People v Stewart, 89 AD3d 1044).
Here, while the Supreme Court denied the defendant's request for a two-week adjournment to review discovery materials, it did grant a shorter adjournment. The court took the direct testimony of a witness and adjourned the case overnight to allow defense counsel to review the discovery materials in preparation for cross-examination. On the next day, defense counsel informed the court that there were no outstanding issues that needed to be addressed, counsel did not state that she needed more time to review the discovery, and counsel completed her cross-examination of the witness. In addition, prior to the court rendering its hearing decision, defense counsel confirmed the she had watched all of the videos provided by the People and did not ask to reopen cross-examination based on anything in the videos. Accordingly, the court did not improvidently exercise its discretion in granting only an overnight adjournment rather than the requested two-week adjournment insofar as no prejudice resulted (see People v Orama, 157 AD3d 967; People v Newton, 149 AD3d 874; People v Struss, 79 AD3d 773; People v McRae, 62 AD3d 723).
The defendant was provided with the effective assistance of counsel (People v [*2]Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court