People v Blackwell (2023 NY Slip Op 04211)

People v Blackwell

2023 NY Slip Op 04211

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2017-13507
 (Ind. No. 1081/15)

[*1]The People of the State of New York, respondent,
v
Demetrius Blackwell, appellant.

Patricia Pazner, New York, NY (Samuel Barr and Sam Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Eric C. Washer of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered December 19, 2017, convicting him of murder in the first degree, attempted murder in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of murder in the first degree, attempted murder in the first degree, and criminal possession of a weapon in the second degree for shooting a gun at two police officers while they were on anticrime patrol in Queens Village in an unmarked vehicle, killing one of them. The defendant appeals.
The defendant's contention that the Supreme Court denied the defense a fair opportunity to question prospective jurors by limiting counsel's voir dire during jury selection is largely unpreserved for appellate review (see CPL 470.05[2]). In any event, "[a] trial court has broad discretion to restrict the scope of voir dire by counsel and indeed must preclude repetitive or irrelevant questioning" (People v Jean, 75 NY2d 744, 745 [citations omitted]; see People v Littlejohn, 92 AD3d 898, 898-899). A restriction on the time allotted for voir dire is generally permissible where defense counsel is "afford[ed] . . . a fair opportunity to question prospective jurors about relevant matters" (People v Jean, 75 NY2d at 745; see CPL 270.15[1][c]; People v Steward, 17 NY3d 104, 110-111). Here, the record shows that the court did not improvidently exercise its [*2]discretion in limiting the time allotted to the defense during the voir dire process (see People v Jean, 75 NY2d at 745; People v Sanchez, 144 AD3d 1179, 1180). The record does not support the defendant's contention that the court limited each round of questioning to 10 minutes. Additionally, the defense failed to note the particular need to continue voir dire of specific prospective jurors. Further, the court conducted extensive examination and liberally excused a majority of prospective jurors before counsel's questioning, leaving only a minority of prospective jurors for counsel to question. Finally, defense counsel did not exhaust all his peremptory challenges over the four-day voir dire. Defense counsel was "afford[ed] . . . a fair opportunity to question prospective jurors about relevant matters" (People v Jean, 75 NY2d at 745).
The defendant's contention that he was deprived of a fair trial due to the Supreme Court's admission pursuant to People v Molineux (168 NY 264) of testimony about an incident that took place approximately five months before the subject shooting, during which a witness observed the defendant throwing bricks into the windows of the witness's home while holding a gun similar to the gun identified as the one used in the subject shooting, threatening to "pop" the police if they intervened, is without merit. "Evidence of a crime or bad act may be admissible as evidence in the People's case-in-chief in the trial of another crime when it tends to establish a defendant's (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity" (People v Jones, 206 AD3d 671, 672-673; see People v Alvino, 71 NY2d 233, 242; People v Molineux, 168 NY at 293). "If the evidence has substantial probative value and is directly relevant to the purpose—other than to show criminal propensity—for which it is offered, the probative value of the evidence outweighs the danger of prejudice and the court may admit the evidence" (People v Cass, 18 NY3d 553, 560; see People v Allweiss, 48 NY2d 40, 46-47). Here, the challenged testimony was probative of the defendant's identity, which was at issue, as well as his motive, and any potential for prejudice was outweighed by the probative value of the evidence (see People v Dunham, 170 AD3d 569, 571; People v Winkfield, 98 AD3d 923; People v Martin, 28 AD3d 583, 584; People v Mitchell, 270 AD2d 859, 860; People v Moore, 213 AD2d 496) and was otherwise offset by the court's multiple limiting instructions, which emphasized that the evidence was not to be considered for proof of the defendant's propensity to commit any of the charged crimes, but rather solely with respect to the issues of the defendant's identity and motive (see People v Bonich, 208 AD3d 679, 680; People v Telfair, 198 AD3d 678, 682).
The Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of discretion, as the court properly balanced the probative value of the proffered evidence against the potential prejudice to the defendant (see People v Hayes, 97 NY2d 203, 207-208; People v Benn, 210 AD3d 690, 691; People v Hayes, 180 AD3d 1068, 1069; People v Baldwin, 167 AD3d 925, 926). The Court of Appeals has "declined to prohibit cross-examination solely because of the similarity of prior acts to the crimes charged" (People v Hayes, 97 NY2d at 208). Contrary to the defendant's contention, the court was not precluded from permitting the People to cross-examine him, if he testified, with respect to evidence of certain prior convictions pursuant to Sandoval, even though evidence of those convictions was precluded from being admitted in evidence on the People's case-in-chief pursuant to the court's Molineux ruling (see People v Allen, 198 AD2d 789, 789-790, affd 84 NY2d 982).
The Supreme Court improperly admitted into evidence the results of DNA analysis conducted using the forensic statistical tool (hereinafter FST) without first holding a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) (see People v Easley, 38 NY3d 1010, 1011; People v Williams, 35 NY3d 24, 30; People v Adeyeye, 198 AD3d 666, 667). However, this error [*3]was harmless. The evidence of the defendant's guilt was overwhelming. The surviving police officer who was shot at by the defendant at close range, under good lighting conditions, and without obstruction identified the defendant within hours of the shooting. Other uncontested, single-source, non-FST DNA testing connected the defendant to the gun used in the shooting. Witnesses who knew the defendant and lived in the vicinity of the shooting testified that they saw the defendant running through their yards just after they heard the gun shots, holding a gun similar to the gun identified as the one used in the shooting. The defendant provided a false name to law enforcement officers canvassing the area of the shooting when he was approached by them, by which point he had abandoned some of the clothing he was wearing during the shooting, and he was apprehended wearing someone else's ill-fitting clothes and shoes. Additionally, the People's evidence offered in rebuttal to the defendant's extreme emotional disturbance defense was compelling. Therefore, there is no significant probability that the jury would have acquitted the defendant had it not been for this error (see People v Easley, 38 NY3d at 1012; People v Crimmins, 36 NY2d 230, 243; cf. People v Adeyeye, 198 AD3d at 667).
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court