People v Sease (2024 NY Slip Op 04081)

People v Sease

2024 NY Slip Op 04081

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2019-03234
 (Ind. No. 1772/18)

[*1]The People of the State of New York, respondent,
v
William Sease, appellant.

Patricia Pazner, New York, NY (Melissa S. Horlick and Russ Altman-Merino of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher J. Blira-Koessler, and Jacob Bentley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered February 13, 2019, convicting him of criminal contempt in the first degree (two counts) and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of two counts of criminal contempt in the first degree and one count of aggravated harassment in the second degree after he threatened the complainant in contravention of an order of protection. During a phone call, the defendant stated that he would come after the complainant and the complainant's daughter. He also stated, "remember what happened last time it can happen again."
The defendant's contention that he was deprived of a fair trial due to the Supreme Court's admission into evidence of testimony, pursuant to People v Molineux (168 NY 264), about an incident that led to the issuance of an order of protection against the defendant and in favor of the complainant is without merit. "Evidence of a crime or bad act may be admissible as evidence in the People's case-in-chief in the trial of another crime when it tends to establish a defendant's (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity" (People v Blackwell, 219 AD3d 619, 621 [internal quotation marks omitted]; see People v Molineux, 168 NY 264; People v Espinal-Ramos, 225 AD3d 621, 621-622), or to provide a complete "narrative of the events charged in the indictment" as well as "necessary background information" (People v Jones, 206 AD3d 671, 673 [internal quotation marks omitted]; see People v Bonich, 208 AD3d 679, 680; People v Martinez, 201 AD3d 658, 659). "If the evidence has substantial probative value and is directly relevant to the purpose—other than to show criminal propensity—for which it is offered, the probative value of the evidence outweighs the danger of prejudice and the court may admit the evidence" (People v Blackwell, 219 AD3d at 621 [internal quotation marks omitted]).
On a count of aggravated harassment in the second degree, the People were required to prove, inter alia, that the defendant "kn[e]w[ ] or reasonably should [have known]" that the telephone call would have caused the complainant "to reasonably fear harm to [her] physical safety" [*2](Penal Law § 240.30[1][b]). On a count of criminal contempt in the first degree, the People were required to prove, among other things, that, in violation of a court order, the defendant threatened certain physical harm to the complainant "with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued" (id. § 215.51[b][v]). Here, the challenged testimony was probative of the defendant's intent and knowledge and was necessary to complete the narrative, and any potential prejudice was outweighed by the probative value of the evidence (see People v Blackwell, 219 AD3d at 621; People v Jones, 206 AD3d at 673). Potential prejudice was otherwise offset by the Supreme Court's multiple limiting instructions, which emphasized that the evidence was not to be considered for proof of the defendant's propensity to commit any of the charged crimes but rather with respect to the issues of the defendant's intent and knowledge and to complete the narrative (see People v Blackwell, 219 AD3d at 621; People v Jones, 206 AD3d at 673).
The defendant's contention that certain remarks made by the prosecutor during her opening statement were improper and deprived him of a fair trial is unpreserved for appellate review, since the defendant failed to object to the remarks he now challenges, as he made only a general one-word objection and failed to request additional instructions when the Supreme Court gave curative instructions (see CPL 470.05[2]; People v Bragg, 161 AD3d 998, 998; People v Flanagan, 132 AD3d 693, 694, affd 28 NY3d 644). In any event, most of the challenged remarks adequately described what the People intended to prove and properly prepared the jury to resolve the factual issues at the trial (see CPL 260.30[3]; People v Warden, 166 AD3d 817, 819; People v Umoja, 70 AD3d 867, 868). To the extent that some of the prosecutor's remarks made during her opening statement were improper, those remarks did not deprive the defendant of a fair trial, and any other error in this regard was harmless (see People v Crimmins, 36 NY2d 230, 241-242; People v Bragg, 161 AD3d at 999).
BARROS, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court