People v Egan (2025 NY Slip Op 50180(U))

[*1]

People v Egan (John)

2025 NY Slip Op 50180(U)

Decided on January 30, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 30, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-1022 S CR

The People of the State of New York, Respondent,
against
John P. Egan, Appellant. 

Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for appellant.
Suffolk County District Attorney (Kathleen Becker Langlan and Glenn Green of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (John James Andrews, J.), rendered June 27, 2023. The judgment convicted defendant, after a nonjury trial, of criminal contempt in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the District Court for a new trial. 
Following a nonjury trial, defendant was convicted of criminal contempt in the second degree (Penal Law § 215.50 [3]) upon the finding of the District Court (John James Andrews, J.) that defendant had intentionally violated an order of protection. On appeal, defendant contends that the evidence was legally insufficient, that the verdict was against the weight of the evidence, and that the District Court improperly allowed the People to submit evidence at trial, pursuant to People v Molineux (168 NY 264 [1901]), of uncharged crimes/prior bad acts.
An order of protection provided that defendant was to "[r]efrain from communication or any other contact by mail, telephone, email, voice-mail or other electronic or any other means [*2]with [the complainant] . . . except to discuss issues relating to the health, safety and welfare of the[ir] child." At the trial, upon questioning by the prosecutor, defendant stated that he "knew and understood" the conditions of the order of protection. While he claimed that the purpose of some of the texts he sent was to let the complainant know about dreams he had which he considered to be premonitions, these texts cannot reasonably be interpreted as having anything to do with the health, safety or welfare of defendant's son. 
We find that the evidence adduced at trial, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), was legally sufficient to establish defendant's guilt, beyond a reasonable doubt, of criminal contempt in the second degree. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict convicting defendant of criminal contempt in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]). However, as prejudicial evidence of prior bad acts was erroneously admitted into evidence at trial, we reverse the judgment of conviction and order a new trial. 
Prior to trial, the People argued that evidence of two prior bad acts should be allowed during their case in chief, one of which was "the whole reason why this order of protection came about in the first place, and it gives the background of the narrative for the complaining witness." In response to defendant's challenge, the People argued that the evidence would be used to prove identity. Defense counsel argued that such evidence would be more prejudicial than probative. Thereafter, the District Court stated it was "going to allow a very limited discussion over it" and, subsequently at trial, evidence of one uncharged crime/prior bad act by defendant, which led to the order of protection, was admitted. 
"Molineux recognized exceptions by which evidence of other crimes could be used to prove the charged crime when such evidence tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; and (5) the identity of the person charged with the commission of the crime on trial. Although this list is not exhaustive, the Court's Molineux jurisprudence begin[s] with the premise that uncharged crimes are inadmissible and, from there, carve[s] out exceptions" (People v Weinstein, 42 NY3d 439, 457 [2024] [internal quotation marks and citations omitted]; see People v Resek, 3 NY3d 385, 390 [2004]; People v Espinal-Ramos, 225 AD3d 621 [2024]; People v Blackwell, 219 AD3d 619, 621 [2023]). Molineux exceptions also apply to situations where the evidence is used to provide a complete narrative of the events charged in the accusatory instrument, as well as necessary background information (see People v Bonich, 208 AD3d 679, 680 [2022]; People v Jones, 206 AD3d 671, 673 [2022]).
"Under the so-called 'identity' or 'modus operandi' exception to the Molineux rule, evidence of an uncharged crime that has distinctive characteristics in common with the crime for which the defendant is on trial may be admissible unless the defendant's identity as the person who committed the act in question is conclusively established by other evidence" (People v Agina, 18 NY3d 600, 601-602 [2012]). Here, defendant's identity as the person who sent the text messages is not at issue and, in any event, the prior bad act described at trial is not similar to the crime with which defendant was charged. The People seemingly also sought to introduce this evidence as necessary background information on the nature of the relationship between the complainant and defendant, and to explain the issuance of the order of protection (see People v Dorm, 12 NY3d 16, 19 [2009]; People v Shoshi, 177 AD3d 779, 780 [2019]). Even if that is the case, under the circumstances presented, we find the evidence of the prior bad act to have been unduly prejudicial (see generally People v Cook, 93 NY2d 840, 841 [1999]), and that it should not have been allowed into evidence at trial.
Accordingly, the judgment of conviction is reversed, and the matter is remitted to the District Court for a new trial.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2025