People v Migranyan (2025 NY Slip Op 02352)

People v Migranyan

2025 NY Slip Op 02352

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2024-00143
 (Ind. No. 1114/21)

[*1]The People of the State of New York, respondent,
v
Shavarsh Migranyan, appellant.

Kratka Law Group, PLLC, New York, NY (Daniel S. Kratka of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel; Jackson Deterding on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (David J. Kirschner, J.), rendered December 19, 2023, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of his constitutional right to prepare a defense by the Supreme Court's denial of his request for an adjournment is not preserved for appellate review (see People v Stewart, 222 AD3d 781, 782; People v Cooper, 192 AD3d 823, 823; People v Sullivan, 54 AD3d 882, 883). In any event, the contention is without merit. "The decision to grant or deny an adjournment request is committed to the trial court's sound discretion" (People v Cooper, 192 AD3d at 823). However, where "the protection of fundamental rights is involved, the trial court's discretion is 'more narrowly construed'" (People v Stewart, 89 AD3d 1044, 1044-1045, quoting People v Spears, 64 NY2d 698, 700). Here, the court providently exercised its discretion in denying the defendant's request for an adjournment to review discovery material, as it was made on the eve of trial and no prejudice resulted, as the defendant had sufficient time to review the discovery material before the start of the People's case (see People v Harris, 234 AD3d 872, 872; People v Nelson, 189 AD3d 1080, 1081).
The defendant's contention that he was deprived of a fair trial due to the Supreme Court's admission of certain testimony pursuant to People v Molineux (168 NY 264) is without merit. "Evidence of a crime or bad act may be admissible as evidence in the People's case-in-chief in the trial of another crime when it tends to establish a defendant's (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity" (People v Blackwell, 219 AD3d 619, 621 [internal quotation marks omitted]; see People v Molineux, 168 NY at 293; People v Espinal-Ramos, 225 AD3d 621, 621-622). Further, "[i]n certain circumstances, the purposes for which Molineux evidence may be used can include 'completing the narrative of the events charged in the indictment and providing necessary background information'" (People v Jones, 206 AD3d 671, 673, quoting People v Harris, 117 AD3d 847, 854; see People v Morris, 21 NY3d 588, 594). "If the proffered [*2]evidence is probative of a relevant issue, the court must then engage in a discretionary balancing of its probative value and the need for the evidence against the potential for prejudice to the defendant" (People v Bonich, 208 AD3d 679, 680; see People v Morris, 21 NY3d at 595).
Here, the elicited testimony that the defendant initiated a physical altercation with the witness before he showed up at the witness's home with a loaded gun, and that he then fired the gun twice in the witness's direction, was probative of the defendant's motive and intent to use that weapon unlawfully against the witness (see Penal Law 265.03[1][b]; People v Herrera, 191 AD2d 585; People v Richardson, 148 AD2d 476, 477). In addition, the testimony regarding the physical altercation provided necessary background information and completed the narrative of events leading up to the charged crimes (see People v Johnson, 137 AD3d 811, 812-813; People v Crevelle, 125 AD3d 995, 999). The Supreme Court providently exercised its discretion in determining that the probative value of this evidence outweighed the potential for prejudice to the defendant, and the limiting instruction given to the jury served to alleviate any potential prejudice resulting from the admission of the evidence (see People v Blackwell, 219 AD3d at 621; People v Bonich, 208 AD3d at 680).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court