People v Hunter (2025 NY Slip Op 07402)

People v Hunter

2025 NY Slip Op 07402

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
ELENA GOLDBERG VELAZQUEZ, JJ.

2021-01908
 (Ind. No. 442/20)

[*1]The People of the State of New York, respondent,
vAustin Hunter, appellant.

Stacy E. Albin-Leone, Long Beach, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson, Marion Tang, and Danielle Davis of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered February 23, 2021, as amended March 25, 2021, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of controlled substance in the third degree (two counts), and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
Contrary to the defendant's contention, the County Court did not err in admitting evidence of certain uncharged crimes or bad acts committed by the defendant, including evidence that an individual to whom the defendant was charged with selling fentanyl died of fentanyl poisoning thereafter. "'Evidence of a crime or bad act may be admissible as evidence in the People's case-in-chief in the trial of another crime when it tends to establish a defendant's (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity'" (People v Blackwell, 219 AD3d 619, 621, quoting People v Jones, 206 AD3d 671, 672-673; see People v Molineux, 168 NY 264, 293) or, "[i]n certain circumstances," to "complet[e] the narrative of the events charged in the indictment and provid[e] necessary background information" (People v Jones, 206 AD3d at 673 [internal quotation marks omitted]). Here, the challenged evidence was admitted for the relevant purpose of providing necessary background information explaining the narrative of events leading to the defendant's arrest (see People v Mendez, 213 AD3d 868, 869; People v Romero, 143 AD3d 1003, 1004) and was otherwise relevant to establish the defendant's intent to sell fentanyl and that the substance sold by the defendant was fentanyl (see People v Harris, 117 AD3d 847, 854, affd 26 NY3d 1; People v Rivera, 116 AD3d 986, 987). Moreover, any potential for prejudice was outweighed by the probative value of the challenged evidence (see People v Blackwell, 219 AD3d at 621; People v Whitson, 166 AD3d 663, 664) and was otherwise alleviated by the court's limiting instructions to the jury as to the purpose for which the challenged evidence was received (see People v Blackwell, 219 AD3d at 621; People v Bonich, 208 AD3d 679).
The defendant's contention that the County Court erred in admitting certain alleged hearsay evidence regarding a telephone number and alias belonging to the defendant is partially unpreserved for appellate review, since the defendant's objections to this evidence at trial were based [*2]upon grounds different from those raised on appeal (see CPL 470.05[2]; People v Rodriguez, 73 AD3d 815, 816). In any event, the defendant's contention is without merit. The alleged hearsay evidence was admissible for the nonhearsay purposes of explaining the relationship between the defendant and the individual to whom he was charged with selling fentanyl and as background material necessary to complete the narrative of events leading up to the defendant's arrest (see People v Patterson, 28 NY3d 544, 552-553; People v Trantham, 225 AD3d 714, 716; People v Tumolo, 203 AD3d 961, 963).
The County Court providently exercised its discretion in allowing expert testimony regarding cell site location information into evidence at trial. Contrary to the defendant's contention, the testimony of the People's expert was not impermissibly speculative, but was instead properly based on the expert's analysis of data obtained from cell phone records admitted into evidence (see People v Maldonado, 188 AD3d 1257, 1259-1260; People v Dorvilier, 122 AD3d 642, 642-643).
The defendant's contentions that the County Court erred in denying his application for a mistrial because he was denied a fair trial by the court's delay in issuing a certain curative instruction to the jury, and because he was denied a fair trial by the cumulative effect of the curative instructions given during trial, are unpreserved for appellate review, as the defendant failed to include them as grounds when making his application for a mistrial (see CPL 470.05[2]; People v Diaz, 189 AD3d 1063, 1066). In any event, the defendant's contentions are without merit. "The decision to grant a mistrial lies within the sound discretion of the trial court, which is in the best position to determine whether a mistrial is necessary to protect the defendant's right to a fair trial" (People v Williams, 214 AD3d 828, 830; see People v Ortiz, 54 NY2d 288, 292). "In balancing the proper considerations, a court should consider 'the availability of less drastic means of alleviating whatever prejudice may have resulted' from the error" (People v Williams, 214 AD3d at 830, quoting People v Young, 48 NY2d 995, 995). Here, the defendant moved for a mistrial after a detective gave testimony at trial that improperly referenced a search warrant unrelated to the defendant. However, the court properly struck that portion of the detective's testimony and, at the first possible opportunity, instructed the jury to disregard it. In addition, the defendant was not denied a fair trial by the curative instructions given to the jury. The jury is presumed to have followed the court's instructions (see id.; People v Morris, 207 AD3d 477, 478) and, in any event, the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the errors necessitating the curative instructions contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 242).
The defendant's contention challenging the County Court's denial of his application, made during trial, for a suppression hearing is unpreserved for appellate review (see CPL 470.05[2]; People v Faulk, 185 AD3d 953, 955) and, in any event, without merit.
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., DOWLING, WAN and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court