People v Cassidy

2026 NY Slip Op 02850

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

James P. Cassidy, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-10162, (Ind. No. 70695/23)

Colleen D. Duffy, J.P.

Barry E. Warhit

Lourdes M. Ventura

Lisa S. Ottley, JJ.

Larkin Ingrassia PLLC, Newburgh, NY (John Ingrassia and Matthew T. Bennett III of counsel), for appellant.

David M. Hoovler, District Attorney, Goshen, NY (Christopher Kelly and Robert McIver of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J., at trial; Richard J. Guerin, J., at sentence), rendered September 12, 2024, convicting him of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree, after a nonjury trial, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant was convicted, following a nonjury trial, of operating a motor vehicle while under the influence of alcohol and aggravated unlicensed operation of a motor vehicle in the first degree.

The defendant contends that the County Court erred in permitting the People to introduce testimony relating to the defendant's contact with the police, which demonstrated that he had been informed earlier, on the same day as his arrest on the current charges, that his driver license was suspended. Although evidence of prior crimes or bad acts is not admissible to show a defendant's predisposition to criminal conduct (see People v Molineux, 168 NY 264, 291-293), such evidence may be admissible if it is relevant to prove an element of the crime charged or because of some recognized exception to the Molineux rule, such as (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity of the defendant (see People v Telfair, 41 NY3d 107, 114; People v Alvino, 71 NY2d 233, 241). "If the evidence has substantial probative value and is directly relevant to the purpose—other than to show criminal propensity—for which it is offered, the probative value of the evidence outweighs the danger of prejudice and the court may admit the evidence" (People v Blackwell, 219 AD3d 619, 621 [internal quotation marks omitted]). Here, the challenged testimony was properly admitted for the purpose of establishing the defendant's knowledge that his driver license was suspended (see People v Osier, 17 AD3d 609, 609), which is an element of the charge of aggravated unlicensed operation of a motor vehicle in the first degree (see Vehicle and Traffic Law § 511[3][a][i]). The probative value of the challenged testimony outweighed the risk of undue prejudice to the defendant (see People v Blackwell, 219 AD3d at 621).

The defendant's contention that the County Court violated his rights of confrontation [*2]and to present a defense by limiting defense counsel's cross-examination of a prosecution witness is unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contention is without merit. "The scope of cross-examination is within the sound discretion of the trial court" (People v Kelson, 218 AD3d 491, 492). Here, the court providently exercised its discretion in limiting defense counsel's cross-examination regarding matters that called for improper speculation (see People v Delgado, 221 AD3d 909, 911). We note that the court's conduct in, sua sponte, sustaining an objection to a question posed by defense counsel without any actual objection being posited by the People, while inappropriate, does not warrant reversal under the circumstances of this case.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633; People v Michalak, 26 AD3d 886).

The defendant failed to preserve for appellate review his contention that the sentence imposed improperly penalized him for exercising his right to trial (see People v Hurley, 75 NY2d 887, 888; People v Soto, 155 AD3d 1066, 1068). In any event, the record fails to establish that the County Court penalized the defendant for exercising his right to proceed to trial (see People v Gordon, 226 AD3d 700, 702-703; People v Nivelo, 222 AD3d 779, 780). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

DUFFY, J.P., WARHIT, VENTURA and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court